UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY T. JONES,
#165747,

      Petitioner,

vs.

KRIS TASKILA,

      Respondent.
_____/

Civil Action No. 20-CV-12312

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR
A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner in this matter seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court shall dismiss the petition because it is duplicative of a pending habeas petition that challenges the same convictions.

On January 16, 2018, petitioner was convicted of aggravated stalking in Wayne County Circuit Court (Case No. 17008365-01-FH). On April 12, 2018, he was convicted of another charge of aggravated stalking in that court (Case No. 17008367-01-FH).

On May 27, 2020, petitioner filed a habeas petition in this Court, challenging both state-court convictions and sentences, *see Jones v. Taskila*, No. 4:20-CV-11476 (E.D. Mich.) (Leitman, J.), raising the following issues:

> I. I was never served with a[n] oral PPO, nor was I served physically with a PPO.
>
> II. I had requested for a new trial due to ineffective assistance of counsel. . . . I had also requested a blind draw for a new judge . . . [be]cause Judge Vonda R. Evans was far too combative and she demonstrated hostility toward me.

> III. On 1/10/2019, a motion for remand was filed with the Michigan Court of Appeals [because] I was never served with a PPO . . . cell phone records can provide evidence that I was never orally served . . . [and] the victim has also set me up . . . under the directions of the police.
>
> IV. The Courts didn't grant me the 246 days of jail time credit as documented on the transcripts.

*Id.* (docket entry 1). Petitioner then filed an amended habeas petition in 4:20-CV-11476, raising the following claims:

> I. Ineffective assistance of counsel; blind draw for a new judge.
>
> II. Insufficient evidence; mistrial of evidence.
>
> III. The victim had set me up under the directions of the police.
>
> IV. On 4/11/2018 and on 4/12/2018 the courts ran a jury trial without my presence.

*Id.* (docket entry 3). Additionally, petitioner alleges that he was improperly denied credit for time served pending the imposition of sentence in the second case.

The Court shall dismiss the instant petition because it is duplicative of petitioner's pending habeas action in 4:20-CV-11476. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (Table), 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (dismissal appropriate if the instant petition is essentially the same as the earlier petition); *Warren v. Booker*, No. 06-CV-14462-DT, 2006 WL 3104696, at *1 (E.D. Mich. Oct. 31, 2006) (same). The instant petition and the amended petition before Judge Leitman are duplicative. Accordingly,

2

IT IS ORDERED that the petition in this matter is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because any appeal would be frivolous.

                                                s/Bernard A. Friedman
                                                Bernard A. Friedman
Dated: September 10, 2020          Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2020.

Timothy Jones, #165747                        s/Johnetta M. Curry-Williams
Baraga Maximum Correctional Facility      Case Manager
13924 Wadaga Road
Baraga, MI 49908